UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-1670-DMG (RAOx) | Date | March 29, 2021 |
| Title | Roger Feldman dba Aliga Online v. Discover Bank, et al. | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiff Roger Feldman dba Aliga Online. [Doc. # 10.]

In his motion, Feldman argues that Defendant Discover Bank failed to adequately allege this Court's diversity jurisdiction in its Notice of Removal. Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.

According to Feldman, Defendant cannot rely solely on allegations that Feldman is a "resident of Los Angeles County, California" to show that he is a citizen of California. MTR at 3 (quoting Not. of Removal at ¶ 2 [Doc. #1]). It is true that domicile, not residence, establishes an individual's citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). According to Feldman's Complaint filed in the Los Angeles County Superior Court, he was a resident of Los Angeles County at all times relevant to the case, beginning in 2015 and continuing through his Complaint's filing in 2021, and does business as Aliga Online with his principal place of business in Los Angeles County. Compl. at ¶¶ 1, 13, 20. Defendant relied on these allegations as evidence of Feldman's residence and intent to remain in California. *See* Opp. at 5. Because Feldman produces no evidence indicating his domicile in any other state and fails to address Defendant's arguments regarding his domicile in his Reply, Defendant has sufficiently shown Feldman's California citizenship for the purposes of removal to this Court.

As for Defendant's citizenship, Feldman fails to cite to the current standards for determining a corporation's citizenship based on its state of incorporation and principal place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-1670-DMG (RAOx) | Date | March 29, 2021 |
| Title | *Roger Feldman dba Aliga Online v. Discover Bank, et al.* | Page | 2 of 2 |

business, defined as its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 89-93 (2010). Defendant is incorporated in the State of Delaware. *See* Request for Judicial Notice ("RJN"), Ex. A & B [Doc. # 14.][1] Defendant also offers evidence that its headquarters is in Delaware, and its Chief Executive Officer and Chief Financial Officer work in Delaware. *See id.* Ex. C; Halling Decl. at ¶ 2 [Doc. # 13-1]. Therefore, Delaware appears to be Defendant's nerve center, or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. 77, 92–93 (2010). Feldman's only evidence to the contrary is the presence of Defendant's ATMs in California, which is not indicative of Defendant's principal place of business.

Finally, Feldman does not and cannot argue that the amount-in-controversy is not met here. He argues that he has been damaged in the amount of at least $974,760, which easily exceeds the $75,000 threshold. Compl. at Prayer for Relief.

For the foregoing reasons, the requirements for diversity jurisdiction are met, and the Court **DENIES** Feldman's motion to remand. The April 2, 2021 hearing is **VACATED**. Defendant shall file its Answer by April 12, 2021.

**IT IS SO ORDERED**.

---

[1] The Court **GRANTS** Defendant's request for judicial notice of California and Delaware state documents, which are reliable sources whose accuracy cannot reasonably be questioned. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017);

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |